### 64561. LESTER v. THE STATE.

SOGNIER, Judge.

Violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8) by possessing marijuana and methaqualone. Lester contends the trial court erred by denying his motion to suppress evidence seized pursuant to a search warrant and evidence seized from appellant's car without a warrant. He also contends that because his motion to suppress was denied improperly, his conviction was based on illegally obtained evidence and must, therefore, be set aside.

1. In his motion to suppress evidence, appellant stated that he was not a resident, tenant or lessor (sic) of the apartment from which contraband was seized pursuant to a warrant authorizing a search of the apartment. Having conceded that the premises were those of a third party and that he had no interest therein, appellant has no standing to object. *Romano v. State,* 162 Ga. App. 816 (292 SE2d 533). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. [Cit.]" Rakas v. Illinois, 439 U. S. 128, 134 (99 SC 421, 58 LE2d 387). See also United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619). Accordingly, this enumeration is without merit.

2. Appellant contends the search of his car was illegal because it was made without a warrant and without his consent. Therefore,

argues appellant, it was error to deny his motion to suppress evidence found in the trunk of his car.

At the hearing on the motion to suppress, the evidence disclosed that when four police officers went to the apartment designated in the search warrant, appellant was the only person present at the apartment and let the police into the apartment. While the apartment was being searched one of the police officers asked appellant if he minded if they (the police) searched appellant's car. Appellant responded "Sure, go ahead. If I minded, you would get the search warrant anyway." Appellant then gave his car keys to the police officer and led them to his car, which was parked in the apartment parking lot. Although the search warrant for the apartment did not include authority to search appellant's car, the evidence authorized the trial court to find that appellant voluntarily consented to the search and that it was not the product of duress or coercion. "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent." *McKendree v. State,* 133 Ga. App. 295, 296 (211 SE2d 154) (1974); *State v. Rivers,* 142 Ga. App. 96, 97 (235 SE2d 393) (1977).

Appellant also argues that there was no competent evidence to show that he owned the car or had been in recent possession of it. However, *appellant* told the police which car belonged to him, led the police to the car and gave them the car keys, which were in his possession. Further, when the police touched the styrofoam cooler containing contraband, appellant stated: "That is it. You have got me." Such evidence, taken together, is more than sufficient to show that the car was, at the very least, in appellant's possession and that the contraband belonged to him. Accordingly, it was not error to deny the motion to suppress evidence seized from the car. In view of our holdings on the first two enumerations of error, appellant's remaining enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982.

*Herbert T. Hutto,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.