### 69994. ALLEN v. THE STATE.
(333 SE2d 11)

McMURRAY, Presiding Judge.

The defendant appeals his conviction of armed robbery. *Held*:

1. The defendant contends that the failure of the trial court to excise the guilty plea of his co-defendant, Thomas Sloan, from the indictment prior to sending it out with the jury constitutes reversible error. A discussion, initiated by the court, concerning the deletion of the plea of guilty by the co-defendant from the indictment occurred prior to the court's charge to the jury. The defense made no objection to this issue but concurred with the court's suggestion that the co-defendant's plea needed to be covered up. The record reflects that the court, at the conclusion of the trial, instructed the State's attorney and the defendant's counsel to check the evidence before it and the indictment were sent to the jury room. In *Gilstrap v. State*, 162 Ga. App. 841, 845 (8) (292 SE2d 495), we held where the defendant's counsel had been given an opportunity to inspect the indictment before its submission to the jury, and raised no objection until after the verdict, there was no error in the court's permitting the indictment to go to the jury room without excising the guilty plea of the co-indictee. See *Flowers v. State*, 159 Ga. App. 516 (284 SE2d 32). Therefore, in the case sub judice, the trial court did not err in allowing the indictment to go to the jury without excising the guilty plea since defense counsel was given an opportunity to inspect the

indictment and no objection was made until after the verdict.

2. The defendant contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt, arguing that the testimony of the defendant's accomplice was uncorroborated. "A person cannot be convicted of a felony solely upon the uncorroborated testimony of an accomplice. Code Ann. § 38-121 (now OCGA § 24-4-8); *Shumake v. State*, 159 Ga. App. 141 (1) (282 SE2d 756) (1981). However, as a matter of law, the corroborating evidence need only be slight to be sufficient. Id. It may be circumstantial. *Gunter v. State*, 243 Ga. 651 (2) (256 SE2d 341) (1979). It must be independent of the accomplice's testimony and probative of guilt. Id. at 654-5; *Shumake v. State*, supra at 141-2. To be probative of guilt, the evidence must tend to prove the identity and participation of the accused. *Shumake v. State*, supra at 142." *Harris v. State*, 165 Ga. App. 186-187 (299 SE2d 393).

In the case sub judice, the corroborating evidence showed that the defendant was at the crime scene 15 to 20 minutes prior to the robbery; a stocking mask, fitting the description of the one used in the robbery, and several .410 shotgun shells were found on the floor of the defendant's vehicle shortly after the robbery; and the shotgun used in the robbery and the shirt worn by the co-defendant were found in the defendant's house. Furthermore, the defendant admitted to the police that he carried the co-defendant to the crime scene prior to the robbery; concealed the weapon used in the robbery after the crime; provided the co-defendant with another shirt after the robbery; used part of the proceeds from the robbery to buy gasoline; and, was in possession of money taken in the robbery. We find that this corroborating evidence was more than sufficient to prove the defendant's identity and participation in the crime. We further hold that the evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Harris v. State*, 165 Ga. App. 186, supra; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fordham v. State*, 254 Ga. 59 (1) (325 SE2d 755); *Beck v. State*, 254 Ga. 51, 53 (13) (326 SE2d 465).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*J. Kenneth Royal*, for appellant.

*Glenn Thomas, Jr.*, District Attorney, *Jerry W. Caldwell*, Assistant District Attorney, for appellee.