A92A2025. DANIEL v. THE STATE.
(429 SE2d 130)

COOPER, Judge.

Appellant was convicted by a jury of robbery by sudden snatching and attempted robbery by sudden snatching and appeals from the judgment entered on his convictions and the denial of his motion for new trial.

Appellant's convictions were based on two incidents which occurred one afternoon while he was riding around in his sports car with co-defendant Arthur Ogletree. Scott Edgar, the first victim, testified that at approximately 3:30 p.m. he was at a gas station when Ogletree got out of appellant's car and approached him to ask for a ride to a nearby medical center. After Edgar agreed, Ogletree went back to appellant's car, said something to appellant, and then returned to Edgar's car for his ride. Along the way, Ogletree told Edgar he would give him some money for gas if Edgar had any change. Edgar pulled

out his wallet to check and put it between his legs. When they reached the medical center, Ogletree grabbed the wallet and ran off with it. Edgar could not say where Ogletree went from there. The second victim, Alicia Norton and a companion, Robin Grier, testified that at approximately 4:30 the same afternoon they were at a gas station and saw appellant and Ogletree in appellant's sports car. Ogletree told Norton and Grier that he and his friend were having car trouble and asked them to follow appellant's car to an apartment nearby to make sure nothing happened. Norton agreed, and when they reached the apartment, Ogletree got out of appellant's car, went up to Norton's car, and told her he wanted to give her some money if she had any change. When she said she did not want any money, Ogletree tried to get in her car and grab some money she had on the console. He did not succeed, she screamed, and appellant yelled at Ogletree to get back in the car. Ogletree did so, and they departed. Ogletree, having pled guilty, also testified. He said appellant knew he planned to steal some money, agreed to follow Edgar's car to the medical center and pick him up, and took some of the stolen money.

1. In his first enumeration of error, appellant contends the evidence was insufficient to support his conviction because the only evidence tying him to these crimes was the uncorroborated testimony of his alleged accomplice, Ogletree. "While a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, ' "(s)light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." ' [Cits.]" *Hardin v. State*, 252 Ga. 99, 100 (4) (311 SE2d 462) (1984). Although " '[t]he corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty, [cit.],' " *Brown v. State*, 199 Ga. App. 18, 21 (4) (404 SE2d 154) (1991), "[t]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime. [Cit.]" *Drake v. State*, 241 Ga. 583, 586 (3) (247 SE2d 57) (1978). In this case, the independent testimony of the victims establishes that less than an hour after Ogletree left appellant's car, secured a ride with his first victim, and robbed him, Ogletree was back in appellant's car in a similar setting giving a similar story to a second victim. Moreover, when the second victim resisted, appellant yelled at Ogletree to get back in the car, and when Ogletree got back in the car, appellant drove away. This independent evidence of appellant's conduct on the afternoon in question may give rise to an inference that he participated in Ogletree's crimes, and thus is sufficient corroboration of Ogletree's testimony. Considering all of the evidence presented in a light most favorable to the verdict, it was

sufficient to allow reasonable jurors to find appellant guilty on both counts beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, appellant contends the trial court should have granted his motion for a new trial because it erred in its preliminary charge to the jury regarding the meaning of "reasonable doubt." However, in making this argument appellant focuses on several words in a lengthy and otherwise correct explanation of what constitutes reasonable doubt. " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' [Cit.]" *Marshall v. State*, 197 Ga. App. 762, 763 (2) (399 SE2d 555) (1990). Although the challenged clause, suggesting that a reasonable doubt was "a doubt of the law," was a misstatement, we conclude the charge as a whole accurately conveyed the meaning of reasonable doubt. Thus, the trial court did not err in denying appellant's motion for new trial on this ground.

3. Appellant also points to language in the jury charge which he asserts may have led jurors to believe that if they found him guilty on one count, they had to find him guilty on both. Like appellant's second enumeration of error, however, this assertion focuses on language in isolation. The court emphasized to the jurors that two different counts were at issue and instructed them to return two separate verdict forms, which they did. Accordingly, appellant's third enumeration of error is also without merit. See *Marshall*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 10, 1993.

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III, Tarey B. Schell, Assistant District Attorneys*, for appellee.