## A94A2633. FERRON v. THE STATE.
### (454 SE2d 637)

McMurray, Presiding Judge.

Defendant was indicted along with co-defendant Angela Denise Gosier for possession of cocaine with intent to distribute.[1] Co-defendant Gosier entered a plea of guilty and defendant moved to suppress evidence seized from co-defendant Gosier's apartment. The trial judge overruled this motion and defendant was tried before a jury and convicted. This appeal followed, defendant challenging the denial of his motion to suppress. *Held*:

" 'A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. (Cit.)' Rakas v. Illinois, 439 U. S. 128, 134 (99 SC 421, 58 LE2d 387). See also United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619)." *Lester v. State*, 163 Ga. App. 604 (1) (295 SE2d 566). In the case sub judice, the evidence adduced at the motion to suppress hearing reveals that the search warrant defendant now challenges was issued for a residential apartment leased, occupied and maintained by co-defendant Gosier. Further, an examination of defendant's motion to suppress reveals no assertion that defendant has any right, interest or expectation of privacy in co-defendant Gosier's apartment. In fact, co-defendant Gosier's trial testimony, wherein she was called as a witness for the defendant Ferron, indicates that she and her two young children (ages four months and two years) are the sole occupants of this apartment; that defendant has never been a resident of co-defendant Gosier's apartment and that defendant was visiting co-defendant Gosier's apartment at the time law enforcement officers executed the search warrant which is the subject of the case sub judice. Consequently, since it does not appear defendant has ever had any right, interest or expectation of privacy in co-defendant Gosier's apartment, he has no standing to challenge execution of any warrant for search of co-defendant Gosier's apartment. Accordingly, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 28, 1995.

*Loftiss, Van Heiningen & Ward, Walter Van Heiningen*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Mark E.*

---

[1] Defendant was also charged in separate counts for obstruction of a law enforcement officer and giving a false name to a law enforcement officer.

*Mitchell, Assistant District Attorneys,* for appellee.