## A96A0038. DONELSON v. THE STATE.
### (469 SE2d 861)

SMITH, Judge.
  Charlie Donelson III was indicted for trafficking in cocaine. He was convicted of possession of cocaine and sentenced to serve 13 years in prison and to pay a fine of $50,000 within 90 days of release from prison. He appeals both the conviction and the sentence.
  1. Donelson contends the evidence was insufficient to enable the jury to convict him of possession of cocaine. Viewed to uphold the verdict, evidence was presented that on August 15, 1994, with the assistance of a confidential informant, DeKalb County police officers arranged with an individual to purchase a quantity of cocaine. Officers were dispatched to the place agreed upon and observed an individual arrive. Both the individual and the automobile fit the descriptions provided by the informant. The individual, later identified as Donelson, was observed carrying a white object as he walked around the parking lot, across the street to a hotel, and back to the parking lot. After he reentered the car, he was surrounded by police and was ordered to exit the car. One of the officers observed Donelson place a plastic bag in the side panel of the passenger door as he exited the vehicle. The bag was retrieved and contained a substance that tested positive for cocaine. Cocaine was also discovered in Donelson's sock. After having been advised of his rights, Donelson made a statement that the cocaine found in the vehicle belonged to him and that the driver knew nothing about the deal. We find this evidence sufficient to enable a rational trier of fact to find Donelson guilty of possession of cocaine under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Denham v. State*, 218 Ga. App. 191, 192 (1) (460 SE2d 869) (1995).
  2. Without enumerating the contention as error, Donelson also contends his motion to suppress his statement was erroneously de-

nied. As "[e]rror argued but not enumerated will not be considered," we will not consider this contention. *Frink v. State*, 177 Ga. App. 604, 608 (5) (340 SE2d 631) (1986). "[E]numerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration." Id. at 609.

3. Donelson contends the sentence imposed on him was illegal. He contends, and the State correctly concedes, that OCGA § 16-13-30 does not provide for a fine of $50,000 for a conviction of possession of controlled substances. The trial court exceeded its authority in imposing the fine. The portion of the sentence imposing the fine is vacated, and we remand for sentencing in conformity with the statute. We find no error, though, in the sentence of 13 years to serve, as subsection (c) of the Code section provides that the maximum sentence for possession of a controlled substance is 15 years.

4. Donelson claims that the court "committed grave error" when it spoke with the jury after the verdict and prior to sentencing. While the conversation between the court and the jury was not transcribed, the court stated on the record that the jury "was concerned about Mr. Donelson's future. They thought him to be a good-looking young man. They picked up through the course of the case there had been no prior record. For whatever reason they concluded that and they felt he deserved kind of a break." Donelson contends that the court violated the Georgia Code of Judicial Conduct, Canon 3, which prohibits ex parte communications "concerning a pending or impending proceeding." He maintains that the court's "conduct was completely unnecessary and prejudicial . . . because appellant can only conclude that something is not proper" and implies that the jury played a role in the court's determination of the proper sentence.

We disagree that the court's conversation with the jury is a ground for reversal. First, any contention Donelson may now have has been waived, as he did not object at trial to the court's conversation with the jury. See generally *Harrison v. State*, 213 Ga. App. 366, 367 (1) (444 SE2d 613) (1994). Second, there is no indication that the trial court expressed its opinion as to the guilt of Donelson or that it expressed in open court its approval or disapproval of the jury's verdict in violation of OCGA § 17-8-57 or OCGA § 17-9-22. Further, no evidence shows that the jury influenced the court's decision to impose the maximum penalty. In fact, the trial court indicated that the jury wished to give Donelson "a break." While the better practice may have been to talk with the jury *after* sentencing, since the record does not show that the conversation with the jury adversely affected Donelson's sentence, and since Donelson waived raising the issue on appeal, error, if any, was harmless.

*Judgment affirmed and sentence of fine vacated. Pope, P. J., and Andrews, J., concur.*

DECIDED MARCH 14, 1996.

*Murray M. Silver*, for appellant.

*J. Tom Morgan, District Attorney, Tamar P. Stern, Nancy B. Allstrom, Assistant District Attorneys*, for appellee.