## A02A0870. STARGELL v. THE STATE.
(561 SE2d 207)

ELDRIDGE, Judge.

A Troup County jury convicted Jeffery A. Stargell and his brother, co-defendant Christopher Stargell, of burglary (OCGA § 16-7-1).[1] Following a separate proceeding conducted immediately after the trial in common, the jury convicted the defendant individually of possession of a firearm by a convicted felon (OCGA § 16-11-131). The defendant was sentenced concurrently to twelve years confinement, to serve eight, and the remainder probated. Thereafter, the defendant voluntarily dismissed his motion for new trial; the superior court

---

[18] *Allen v. King Plow Co.,* 227 Ga. App. 795, 799 (4) (490 SE2d 457) (1997).
[1] "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a).

granted him leave to file an out-of-time appeal; and this appeal followed. Finding no reversible error, we affirm. *Held*:

1. The defendant contends that the evidence was insufficient to support his conviction for burglary in that the only evidence tying him to the burglary was the uncorroborated testimony of alleged accomplices, Jeremy Marcellious Roland and Marlo Williams.[2] "While a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Citations and punctuation omitted.) *Daniel v. State*, 207 Ga. App. 720, 721 (1) (429 SE2d 130) (1993). "The necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime . . . may give rise to an inference that he participated in the crime." (Citations and punctuation omitted.) *Moody v. State*, 232 Ga. App. 499, 503 (2) (502 SE2d 323) (1998).

Defendant's denials to the contrary notwithstanding, Roland and Williams testified that they planned and executed the instant burglary with the defendant and his co-defendant brother for the purpose of taking money from the victim's residence. In addition to this evidence, the victim's brother who lived next door positively identified the defendant in court as among the perpetrators, describing him as an individual he had seen in the victim's home before and who on the morning of the burglary had worn blue jeans, a blue Windbreaker, a blue toboggan cap, and plastic gloves. Other evidence of record seized in a search of the defendant's home after the burglary included clothes found being washed in the residence's washing machine and a pair of plastic gloves. The clothes were consistent with the testimony of the victim's brother insofar as he described what the defendant and his accomplices wore at the time of the burglary. Further, a pair of muddy boots was seized during the search, the soles of which matched footprints left in the woods at the crime scene. In testimony given on his own behalf, the defendant admitted that the boots belonged to him. The defendant having been positively identified as a participant in the burglary and circumstantial evidence of his participation therein independent of the testimony given by his accomplices connecting him to the crime otherwise of record, the evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that the defendant was guilty of burglary. *Jackson v. Vir-*

---

[2] Roland and Williams testified as State's witnesses incident to agreements to plead guilty — Roland to misdemeanor theft by receiving stolen property and Williams to the burglary upon a reduced recommendation on sentence.

*ginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Moody v. State,* supra; *Daniel v. State,* supra.

2. The defendant also takes issue with the jury instructions given insofar as these suggested a duty to convict. Pertinently, the superior court charged the jury in one instance that it "should convict" the defendant and in another instance that it had a "duty" to convict the defendant if it found no reasonable doubt as to his guilt. Apart from the jury charges complained of, the superior court instructed the jury as to the presumption of innocence, defined "reasonable doubt," and, when charging the jury as to the form of the verdict, used the pattern jury instruction correctly informing the jurors that they would be "authorized" to find the defendant guilty of burglary in the absence of reasonable doubt as to such offense. While the better practice is to use the pattern jury instruction informing the jury that it would be "authorized" to convict absent reasonable doubt, the instructions of the superior court here suggesting a "duty to convict" in the absence of reasonable doubt do not constitute reversible error. *Monroe v. State,* 272 Ga. 201, 203 (3) (528 SE2d 504) (2000); *Sutton v. State,* 262 Ga. 181-182 (2) (415 SE2d 627) (1992). Accordingly, this claim of error is likewise without merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 27, 2002.

*Peter B. Hoffman,* for appellant.

*Peter J. Skandalakis, District Attorney, Matthew T. McNally, Assistant District Attorney,* for appellee.