A08A0333. WOMBLE v. THE STATE.
(660 SE2d 848)

ANDREWS, Presiding Judge.

John Womble appeals from the judgment of conviction and sentence entered on jury verdicts finding him guilty of criminal attempt to manufacture methamphetamine and possession of methamphetamine. For the following reasons, we affirm the judgment of conviction and sentence as it relates to criminal attempt to manufacture methamphetamine, and vacate the judgment of conviction and sentence as it relates to possession of methamphetamine.

Womble was jointly tried with three co-defendants, two of whom (Cliff Frashier and Patricia Frashier) resided at a house located at 301 Pine Street in the City of Lafayette. The State presented evidence from police officers trained and experienced in the investigation of clandestine methamphetamine laboratories and assigned to the Lookout Mountain Judicial Circuit Drug Task Force. Two officers went to the door of the Frashier residence and knocked for the purpose of investigating suspicions that there was illegal controlled substance activity at the house. When Mr. Frashier opened the door and the officers identified themselves, they immediately recognized the strong

odor of methamphetamine manufacturing emanating from inside the house. Although Frashier denied that anyone else was in the house, the officers could hear the sound of people running around inside the house as they stood at the open door. Based on concerns that evidence was being destroyed and concerns for their own safety, the two officers entered the house. Inside the house, the officers found Womble in the kitchen area, and a third co-defendant was found by another officer exiting the house. While ensuring that the house was clear of any other people, the officers observed in the toilet what appeared to be methamphetamine oil, a bi-level liquid processed in the last stage of manufacturing methamphetamine for sale and use. When an officer asked Frashier and Womble if they had any illegal items on their persons, Frashier produced a package of iodine crystals and a container of used coffee filters, and Womble produced a hypodermic needle. Testimony by the officers showed that iodine crystals and coffee filters are commonly used to manufacture methamphetamine, and that hypodermic needles are used to administer methamphetamine. After the suspected methamphetamine oil was obtained from the toilet pursuant to a search warrant, it was tested at the State Crime Laboratory and found to be positive for methamphetamine.

1. Womble enumerates as error that the officers' entry into the Frashier residence without a warrant constituted an illegal search in violation of the Fourth Amendment. There being no evidence that Womble resided at the residence or had any ownership or possessory interest in the residence, he had no expectation of privacy in the residence and thus no standing under the Fourth Amendment to challenge the search of the residence. *Thomas v. State*, 274 Ga. 156, 159 (549 SE2d 359) (2001); *Moody v. State*, 232 Ga. App. 499, 504 (502 SE2d 323) (1998). Although the record contains a one-sentence order denying without comment a motion to suppress filed by Womble, the record does not contain the motion to suppress, and Womble does not argue on appeal that the trial court erred by denying the motion. Moreover, Womble did not object when the officers testified as to the items they found on him and Frashier, and Womble affirmatively stated that he had no objection to admission of the methamphetamine oil seized from the residence's toilet. There is no merit to this enumeration of error.

2. Womble claims that the evidence was insufficient to prove that he possessed methamphetamine. At the joint trial, the State's case was based on the assertion that Womble and the co-defendants had joint constructive possession of the methamphetamine. The only evidence of methamphetamine was the quantity of methamphetamine contained in the mixture of methamphetamine oil found in the

toilet at the residence.[1] Even though there was no evidence that Womble was in actual physical possession of the methamphetamine oil, if he knowingly had both the power and intention at a given time to exercise dominion over it, then he had constructive possession. *Wilson v. State*, 256 Ga. App. 741, 742 (569 SE2d 640) (2002). But a finding that Womble had constructive possession of the methamphetamine oil must be based upon some connection between the contraband and Womble other than spatial proximity. *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852) (1994). "Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citation and punctuation omitted.) Id. Circumstantial as well as direct evidence may show constructive possession of contraband and participation in the illegal act. *Wilson,* 256 Ga. App. at 742.

The State produced evidence connecting Womble to the methamphetamine oil by more than spatial proximity. Evidence showed that the production of methamphetamine oil was a final stage in the process of manufacturing methamphetamine in a form suitable for sale and personal use, and the officers recognized the strong odor of the methamphetamine manufacturing process permeating the house where Womble was located along with the methamphetamine oil. Womble had on his person a hypodermic needle, which the officers testified was a device used to administer the finished methamphetamine product. Thus the State connected Womble to the methamphetamine by showing that he was located in the house in possession of a device used in connection with methamphetamine, while methamphetamine was being manufactured in the house and the odor of the manufacturing process permeated the house. The evidence was sufficient for the jury to find beyond a reasonable doubt that Womble was guilty of possession of methamphetamine in the form of methamphetamine oil in violation of OCGA § 16-13-30 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence was also sufficient for the jury to find beyond a reasonable doubt that Womble was guilty of criminal attempt to manufacture methamphetamine. As to the criminal attempt charge, evidence that Womble was processing and in possession of methamphetamine oil showed that, with the intent to commit the crime of manufacturing

---

[1] Because it contained methamphetamine, the methamphetamine oil was a Schedule II controlled substance. Unless specifically excepted or listed in another schedule, OCGA § 16-13-26 (3) includes as a Schedule II controlled substance

any material, compound, mixture, or preparation which contains any quantity of the following substances included as having a stimulant effect on the central nervous system: . . . (B) Any substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers.

methamphetamine in violation of OCGA § 16-13-30 (b), Womble performed an act — processing and possession of methamphetamine oil — which constituted a substantial step toward commission of that crime. OCGA § 16-4-1; *Jackson*, supra.

3. Even though Womble did not raise the issue in the trial court or on appeal, we nevertheless find that his convictions for possession of methamphetamine (Count 4) and criminal attempt to manufacture methamphetamine (Count 3) merged as a matter of fact, and that he cannot be convicted and sentenced for both offenses. *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002); *Bryan v. State*, 271 Ga. App. 60, 64-65 (608 SE2d 648) (2004).

> When the same conduct establishes the commission of more than one crime, a defendant may be prosecuted for each crime, but may not be convicted of both. In determining whether multiple offenses merge, the key question is whether the different offenses are proven with the same facts.

(Footnotes omitted.) *Gooch v. State*, 249 Ga. App. 643, 648 (549 SE2d 724) (2001). Here, the indictment and the evidence produced at the trial show that Womble's conviction for possession of methamphetamine in the form of methamphetamine oil is based on the same conduct as Womble's conviction for criminal attempt to manufacture methamphetamine by processing and possessing the same methamphetamine oil. Since the only evidence of possession was the same evidence that established criminal attempt, we find that the possession conviction is included as a matter of fact in the criminal attempt conviction, and that the possession conviction and sentence are vacated by operation of law. *Curtis*, 275 Ga. at 577-579; *Bryan*, 271 Ga. App. at 64-65. Accordingly, we vacate the sentences imposed on the convictions for possession and criminal attempt, and remand the case for the trial court to merge the possession conviction (Count 4) into the criminal attempt conviction (Count 3) and resentence Womble on the surviving Count 3 conviction. *Ratledge v. State*, 253 Ga. App. 5, 7 (557 SE2d 458) (2001); *Mack v. State*, 283 Ga. App. 172, 175-176 (641 SE2d 194) (2007).

*Judgment affirmed in part and vacated in part. Sentences on Counts 3 and 4 vacated, and case remanded for resentencing on Count 3. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 4, 2008.

*Albert L. Watson III*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney,* for appellee.