A08A0197. KIER v. THE STATE.
(663 SE2d 832)

MILLER, Judge.

Following a bench trial, Lavashiae Kier was convicted of a single count of possession of less than one ounce of marijuana, in violation of OCGA § 16-13-2. She now appeals, claiming that the evidence was insufficient to sustain her conviction. Kier also asserts that the trial court's denial of her motion for a continuance and her motion to produce an incarcerated witness violated her Sixth Amendment rights to the effective assistance of counsel and compulsory process, respectively. Finding that the State failed to prove Kier's possession of marijuana beyond a reasonable doubt, we reverse.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). So viewed, the evidence shows that on January 20, 2007, Sergeant Zack Tanner of the Baldwin County Sheriff's Department observed a vehicle traveling at a very low rate of speed while

flashing its emergency lights. Tanner conducted a traffic stop to see if the driver needed assistance, and he found that the car was owned and driven by Cory Dixon. A juvenile was sitting in the front passenger seat next to Dixon; Kier was seated in the rear seat behind Dixon; and Kier's friend, Chiquita Baker, was seated next to Kier in the back seat.

After Tanner approached the driver's side door, Dixon rolled down his window, and Tanner noticed both the scent of marijuana coming from the vehicle and smoke inside of it. In investigating the possible presence of marijuana in the car, Tanner found a bag containing 16 "rocks" of crack cocaine in the compartment of the driver's door. Tanner then arrested Dixon, and he asked the other occupants of the car to exit the same. After the passengers were outside the car, police observed a hand-rolled marijuana cigarette on the rear floorboard, just behind the center console, and observed that the same had been recently smoked. Based on this cigarette, Tanner arrested all three passengers for possession of marijuana.

The only defense witness was Baker, who stated that on the evening in question, she and Kier had gone to a local nightclub, where she encountered Dixon, whom she knew from school. Baker asked Dixon if he could give Kier and her a ride home, and Dixon agreed. During that ride, Dixon and his juvenile passenger smoked a marijuana cigarette, which they disposed of when the police stopped the car. Baker, however, did not see what they did with that cigarette, because she was preoccupied with hiding her personal marijuana, obtained at the nightclub, in her underwear. Baker further stated that Kier did not smoke the marijuana cigarette belonging to Dixon and his juvenile passenger, that Kier was unaware that Baker had marijuana on her person, and that she never saw Kier in possession of marijuana that night.

After the trial court found Kier guilty, she filed this appeal.

1. Kier first asserts that the evidence was insufficient to sustain her conviction. We agree.

Because no evidence showed Kier in actual possession of the marijuana, the State relied on circumstantial evidence to show she had constructive possession of the same. To prove constructive possession, the State was required to show some connection between Kier and the marijuana cigarette other than spatial proximity. "Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citation and punctuation omitted.) *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006). Rather, the State needed to demonstrate beyond a reasonable doubt that Kier "knowingly had both the power and intention at a given time to exercise control over the [marijuana]. Power may be inferred

from access to the drugs, while the matter of intent may be derived from the surrounding circumstances." (Citations and punctuation omitted.) *Castillo v. State*, 288 Ga. App. 828, 830 (655 SE2d 695) (2007).

Circumstances showing an intent to exercise control over the drugs include a defendant's attempts to flee or elude police; inconsistent explanations by the defendant for her behavior; the presence of significant amounts of contraband and drug paraphernalia in plain view; the defendant's possession of large amounts of cash, other indicia of the sale of drugs, or drug-related paraphernalia; evidence that the defendant was under the influence of drugs; or drug residue found on the defendant. See, e.g., *Hodges*, supra, 277 Ga. App. at 175-176; *Moody v. State*, 232 Ga. App. 499, 501 (1) (502 SE2d 323) (1998); *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998). The evidence shows no such circumstances in this case. Specifically, there was no evidence that Kier was uncooperative, attempted to flee police, behaved erratically, or appeared to be under the influence of drugs. Sergeant Tanner testified that the evidence indicated that the juvenile sitting in the front passenger seat had rolled the marijuana cigarette. Sergeant Tanner further admitted that while marijuana residue was found on the floor and on the front passenger seat, no such residue was found in the area near Kier, on her seat, or on her person, and that Kier possessed no drug paraphernalia.

Furthermore,

> when the State's constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

(Citation and punctuation omitted.) *Hodges*, supra, 277 Ga. App. at 174. "When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt." (Citations and punctuation omitted.) *Paden v. State*, 216 Ga. App. 188, 189 (453 SE2d 788) (1995).

The circumstantial evidence presented at trial was entirely consistent with Kier's theory of innocence — i.e, that she was merely a passenger in Dixon's car and had nothing to do with the marijuana cigarette found therein. Accordingly, we find no evidentiary basis on which the trial court could find beyond a reasonable doubt that Kier was in constructive possession of that marijuana. See *Autry v. State*,

150 Ga. App. 584 (258 SE2d 268) (1979) (reversing conviction of possession of less than one ounce of marijuana where no evidence connected marijuana, which was in car's ashtray, to the defendant-passenger); *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997) (noting there is no presumption of possession by a mere passenger in an automobile, even where the drugs are found near that passenger). Nor was this evidence sufficient to convict Kier as a party to the crime of possession. See *Edwards v. State*, 272 Ga. App. 540, 543 (1) (612 SE2d 868) (2005).

2. In light of our holding in Division 1, we need not address Kier's remaining enumerations of error.

For the reasons set forth above, we find that the evidence was insufficient to support a finding beyond a reasonable doubt that Kier was in constructive possession of the marijuana, and we therefore reverse her conviction for the same.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 25, 2008.

*Kristen C. Quinton*, for appellant.
*Maxine Blackwell, Solicitor-General*, for appellee.