A10A1223. SMITH v. THE STATE.
(701 SE2d 490)

MILLER, Chief Judge.

We granted Braddick D. Smith's application for discretionary review of the revocation of his probation. Smith appeals, arguing that the trial court erred (1) in finding that the evidence was sufficient to show that he possessed less than an ounce of marijuana; (2) in failing

to include findings of fact in its probation revocation order; and (3) in admitting the crime lab report into evidence. Finding that the evidence was insufficient to show Smith's intent to exercise dominion and control over the marijuana in issue, we reverse.

The trial court "may not revoke any part of any probated . . . sentence unless . . . the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation . . . alleged." OCGA § 42-8-34.1 (b). "[T]his Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court." (Punctuation and footnote omitted.) *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008).

The record shows that in June 2009, Smith pled guilty to possession of cocaine, obstruction of an officer, and driving with a suspended license, and received a sentence of five years probation. As a condition of his probation, Smith was prohibited from "violat[ing] the criminal laws of any governmental unit." Thereafter, the State brought a petition to revoke Smith's probation alleging that Smith violated a term of probation, to wit: "by committing the new offense of possession of marijuana less than [one] ounce on or about [August 16, 2009] in Upson County, Georgia."

At the probation revocation hearing, the State produced evidence that, in August 2009, Patrolman Phillip Tobin of the Thomaston Police Department stopped a rental vehicle in which Smith was the front seat passenger and Byron Scott was the driver. Two adults and two children were passengers in the back seat. Given that the adults in the back seat were wanted for active warrants, Officer Tobin removed the driver and all passengers from the vehicle except for Smith, and arrested the adults in the back seat based on such warrants. The officer spoke with the driver for several minutes and instructed Smith to remain in the vehicle, but later permitted Smith to leave. Thereafter, another officer conducted an inventory search of Scott's vehicle and found a "pretty large piece of marijuana" on the center console and marijuana residue on the passenger seat and the floorboard under the passenger seat. Two hours later, Smith was arrested and charged with possession of less than one ounce of marijuana. A pat-down search of Smith revealed no marijuana.

Smith testified that, on August 15, 2009, Scott gave him a ride so he could visit his mother in Upson County, but he had no knowledge that there was marijuana in the vehicle and denied possession or control of same. Neither Scott nor the other occupants of the vehicle testified.[1] The trial court found that Smith committed the offense of

---

[1] The record does not indicate whether the other occupants of the car were charged with possession of less than one ounce of marijuana.

possession of less than one ounce of marijuana and revoked the balance of Smith's probation, giving rise to this appeal.

1. Smith contends that the evidence was insufficient to revoke his probation because the State failed to prove that he possessed the marijuana in issue. We agree.

Inasmuch as Smith was not in actual possession of the marijuana and did not drive the rental vehicle or have control over same, no presumption of possession applies to him. See *Dugger v. State*, 260 Ga. App. 843, 846 (2) (581 SE2d 655) (2003) (where immediate and exclusive possession of an automobile is shown, it is presumed that the owner of the automobile is the owner of all things contained therein). As such, the State relied on a theory of constructive possession to revoke Smith's probation.

We have routinely held that "a person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Punctuation and footnote omitted.) *Dugger*, supra, 260 Ga. App. at 846 (2). "Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances." (Citation and punctuation omitted.) *Kier v. State*, 292 Ga. App. 208, 209-210 (1) (663 SE2d 832) (2008). See also *Hughes v. State*, 215 Ga. App. 6, 9 (1) (449 SE2d 547) (1994) ("A finding of . . . constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity.") (citations and punctuation omitted).

It is well settled that constructive possession of contraband and participation in the illegal act may be shown by direct and circumstantial evidence. *Womble v. State*, 290 Ga. App. 768, 770 (2) (660 SE2d 848) (2008). For example, a defendant's

> attempts to flee or elude police; inconsistent explanations by the defendant for [his] behavior; the presence of significant amounts of contraband and drug paraphernalia in plain view; the defendant's possession of large amounts of cash . . . or drug-related paraphernalia; evidence that the defendant was under the influence of drugs; or drug residue found on the defendant

are circumstances from which a defendant's intent to control contraband may be inferred. *Kier*, supra, 292 Ga. App. at 210 (1); see also *Vines v. State*, 296 Ga. App. 543, 546 (1) (675 SE2d 260) (2009) (defendant's suspicious, nervous behavior, his possession of ammunition for another defendant's weapon, joint living arrangement with two other defendants, "overwhelming odor of marijuana" in car, and the fact that he was, at times, within arm's reach of

backpack containing drugs showed defendant's intent to control drugs). None of these circumstances are present here.

Here, there was no drug paraphernalia; Smith was cooperative with police and did not try to flee; there was no evidence that Smith tried to hide or conceal anything in the vehicle or that he had continuous access and control over the vehicle; and Smith did not have any marijuana in his possession and was not under the influence of drugs. Thus, the State presented no evidence other than Smith's mere spatial proximity to the marijuana to support a finding that Smith had the intent to exercise dominion and control over it. *Kier*, supra, 292 Ga. App. at 209-210; *Fluker v. State*, 296 Ga. App. 347, 349 (674 SE2d 404) (2009) (other than the fact that defendant was a passenger in the car, circumstantial evidence produced by the State failed to establish a connection between defendant and the ecstasy found in the car). Compare *Washington v. State*, 251 Ga. App. 206, 208-209 (1) (553 SE2d 855) (2001) (evidence supported finding of constructive possession of contraband where defendant was present in another person's house with her hands wet and in the sink where crack cocaine and drug paraphernalia were found, and no other individual had custody and control of the sink area); *Wright v. State*, 279 Ga. App. 299, 300 (1) (630 SE2d 774) (2006) (evidence that defendant had continuous access to firearms in her house on the date of shooting and that she intended to and did, in fact, exercise control over her sons' access to one of the guns in the minutes before the shooting showed her constructive possession of firearm). While the "quality and quantum of evidence necessary for revocation of probation is not that demanded for conviction of crime," (*Adams v. State*, 158 Ga. App. 529 (1) (281 SE2d 250) (1981) (citation omitted)), the evidence was insufficient to support the trial court's finding that Smith committed the new offense of possession of less than one ounce of marijuana. *Brown*, supra, 294 Ga. App. at 3 (2). As such, we reverse the trial court's order of revocation.

2. In light of our holding in Division 1, we need not reach the remaining enumerations of error.

*Judgment reversed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 2010 —
RECONSIDERATION DENIED SEPTEMBER 14, 2010 — ■■■■■■

*Michael B. King*, for appellant.

*Scott L. Ballard, District Attorney, Benjamin D. Coker, Robert W. Smith, Jr., Assistant District Attorneys*, for appellee.