## A05A2274. HODGES v. THE STATE.
(626 SE2d 133)

ANDREWS, Presiding Judge.

Dexter Dewayne Hodges was found guilty by a jury of trafficking in cocaine in violation of OCGA § 16-13-31. On appeal, he claims the evidence was insufficient to support his conviction. For the following reasons, we agree and reverse.

The State jointly indicted Hodges and Erica Shyane Louder alleging that they knowingly possessed more than 400 grams of a mixture containing at least ten percent cocaine. At their joint trial, the State alleged that Hodges and Louder had joint constructive possession of cocaine found by police hidden in a package on the floor behind the driver's seat in a car driven by Louder and registered to Louder's mother, and in which Hodges was a passenger in the front seat. In the absence of any evidence showing that Hodges had actual possession of the cocaine, the State relied on circumstantial evidence to prove that Hodges had constructive possession of the cocaine. "A person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object." (Footnote omitted.) *Wofford v. State,* 262 Ga. App. 291, 292 (585 SE2d 207) (2003).

> [A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.

(Citation and punctuation omitted.) *Reid v. State,* 212 Ga. App. 787, 788 (442 SE2d 852) (1994); *Maxwell v. State,* 238 Ga. App. 197, 198 (518 SE2d 432) (1999). Moreover, when the State's constructive possession case is based wholly on circumstantial evidence, the law requires that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) *Reid,* 212 Ga. App. at 789.

In support of its case, the State presented evidence that two Henry County police officers were patrolling on Interstate 75 when they saw a car weaving out of its lane of traffic. Concerned that the driver might be impaired, the officers stopped the car to investigate. When Officer Freeman spoke to the driver, Louder, to evaluate her condition, he smelled the odor of marijuana in the car and obtained Louder's consent to search the car. Officer Amerman got Hodges out of the front passenger seat of the car, patted him down for weapons, found none, and sent him to the rear of the car, where Officer Freeman was standing with Louder. Officer Freeman asked Hodges if there was any marijuana in the car, and Hodges pulled less than an ounce of marijuana in a bag out of his sock and gave it to the officer. Officer Freeman intended to write Hodges a misdemeanor citation for possession of the marijuana and release him, but about that time, Officer Amerman, who was searching the car, found a substantial amount of suspected cocaine in the car. Officer Amerman testified that, behind the driver's seat on the rear floor of the car, he found "a yellow plastic bag which contained a white shoe box which contained a gray tee shirt which contained a clear plastic bag which contained suspected cocaine." Both Hodges and Louder were placed under arrest and charged with possession of the cocaine.

A forensic chemist employed at the Georgia Bureau of Investigation's State Crime Lab testified for the State that the suspected cocaine was tested at the Lab and found to be a substance weighing 931.9 grams containing 67.8 percent cocaine. The State tested for fingerprints on the clear plastic bag in which the cocaine was found. Although prints were lifted from the bag and compared with fingerprints taken from Hodges and Louder, the prints on the bag did not match those of Hodges or Louder. Officer Amerman testified that, when he searched the car, he could "smell the raw odor of cocaine" in the car, and that he was familiar with this odor because of his regular contact with cocaine while conducting narcotics searches with a K-9 unit. But there was no evidence produced at trial from which the jury could reasonably conclude that the smell detected by the officer showed a connection between Hodges and the cocaine other than spatial proximity. There was also evidence describing the yellow plastic bag, the white shoe box, and the gray tee shirt which were used to conceal the cocaine. Evidence showed that the yellow plastic bag bore the inscription "Tower Records and Books," that the shoe box was a K-Swiss brand child size twelve and a half, and that the tee shirt was a Nike brand size XXL. There was no evidence, however, which connected Hodges to the bag, shoe box, or the tee shirt. The State produced no statements made by Hodges or Louder. There was no evidence of flight connected with the stop or arrest, and the officers

testified that they did not observe any unusual or suspicious activity by Hodges or Louder during or after the stop.

Hodges testified in his defense at the trial. Although Hodges testified that, at the time of the arrest, he had three children, ages seven, three, and newborn, there was no evidence that any of the children wore shoes of the K-Swiss brand or size twelve and a half. Hodges also gave testimony explaining why he was in the car with Louder traveling south on Interstate 75 when they were stopped by the officers. He testified that, at the time of the arrest, he resided in Macon, where he was employed and lived with his wife and children. He said that, because of marital problems, he left Macon about two or three days prior to the arrest and was driven by his sister to his sister's house in Jonesboro, where he stayed until Louder picked him up to give him a ride back to Macon. Hodges said he knew Louder because she dated one of his friends, and that his friend asked Louder to pick him up as she was driving from Atlanta to Macon. In response to questions about why he was not carrying any clothes with him in Louder's car after spending two or three days with his sister, Hodges testified that he visited frequently with his sister and kept clothes there. Hodges's mother testified and confirmed Hodges's testimony that his sister was visiting in Macon, and that Hodges rode back to Jonesboro with his sister to spend a few days at his sister's house because of marital problems. She also confirmed that Hodges kept clothes at his sister's house in Jonesboro because of frequent visits due to marital problems. Hodges admitted that he was in possession of the marijuana he gave to the officer, but he testified that he never saw the yellow bag on the rear floor of the car, never saw any cocaine in the car, and had no knowledge of any cocaine in the car.

As to Louder, in addition to evidence that the cocaine was found in the car she was driving, which was registered to her mother, the State produced evidence that Officer Amerman found a set of scales in Louder's purse, which the officer testified was like those commonly used to weigh drugs. Louder did not testify at the trial. The jury deadlocked on the charges against Louder, and the trial court declared a mistrial as to Louder. When the jury found Hodges guilty of trafficking in cocaine, the trial court entered judgment on the guilty verdict and sentenced Hodges to 25 years in prison and a fine of $1 million pursuant to OCGA § 16-13-31 (a) (1) (C).

The State contends that the circumstantial evidence connecting Hodges to the cocaine proved beyond a reasonable doubt that he had constructive possession of the cocaine, and that the evidence was sufficient to exclude every reasonable hypothesis save that of his guilt. Specifically, the State contends that the following evidence proved Hodges's guilt: (1) Hodges's sister failed to testify to corroborate his testimony that he was staying at her house and that Louder

picked him up there; (2) Hodges was not carrying clothes with him at the time of his arrest, despite having testified that he had spent two or three days at his sister's house; (3) the cocaine was found in a child size twelve and a half shoe box and Hodges had three children, ages seven, three, and newborn; and (4) the police videotape of the traffic stop (which was played at trial but not included in the record on appeal) "depicts Appellant's reactions during the stop and when the cocaine was found."

As to the videotape, the State does not say what kind of reactions by Hodges it shows, and the tape was not included in the record on appeal, so there is no evidence to review. Moreover, the officers who stopped Louder's car and testified at trial, said they observed no unusual or suspicious activity by Hodges or Louder. As to the shoe box, the fact that the box was labeled K-Swiss brand child size twelve and a half shoes does not connect Hodges to the box in the absence of any evidence that one of his children wore shoes of that size and brand. As to the State's remaining claims, Hodges produced uncontradicted testimony explaining why Louder picked him up at his sister's house, where he stayed frequently because of marital problems and kept clothes.

The circumstantial evidence produced by the State failed to establish a connection between Hodges and the cocaine other than the fact that the cocaine was found hidden in a package on the floor behind the driver's seat in a car in which he was riding in the front passenger seat. Because mere spatial proximity to the hidden cocaine was insufficient to establish beyond a reasonable doubt that Hodges had constructive possession of the cocaine, and the circumstantial evidence was insufficient to exclude every other reasonable hypothesis save that of guilt, the conviction must be reversed. *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997); *Whipple v. State*, 207 Ga. App. 131, 132 (427 SE2d 101) (1993).

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2006.

*Edea M. Caldwell*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.