A07A0309. REASON v. THE STATE.
(642 SE2d 236)

BLACKBURN, Presiding Judge.

Following a jury trial, Carlos Reason appeals his conviction of possession of cocaine with intent to distribute[1] and possession of a controlled substance within 1,000 feet of a housing project,[2] contending that (1) the evidence was insufficient to support the conviction, and (2) he received ineffective assistance of counsel based on his trial counsel's failure to object to the adequacy of the chain of custody of the cocaine. We disagree and affirm.[3]

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Reason] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-32.5 (b).

[3] We address this appeal in light of the policy of this Court to reach the merits of each appeal when it can be done consistent with the mandate of law. See *Fitzpatrick v. State*, 269 Ga. App. 825 (605 SE2d 420) (2004). In doing so, we note the failure of Daphne H. Jarriel, Assistant District Attorney in the Ogeechee Judicial Circuit, to timely comply with an order of this Court to file an appellee's brief on behalf of the State.

the evidence or determine witness credibility." *Eady v. State*.[4] So viewed, the evidence shows that after receiving complaints of drug sales at a public housing complex, police conducted surveillance for a period of a week, made an undercover purchase of cocaine from Reason, and obtained a warrant to search an apartment frequented but not occupied by Reason. Prior to executing the warrant, officers watched Reason make several trips to and from an overturned bucket in the yard as a steady stream of unrelated people walked up from the street. Upon executing the warrant, the officers were not able to locate Reason, who had been at the location minutes before, but they found 2.97 grams of cocaine hidden under the bucket frequented by Reason.

After Reason was eventually apprehended, he was charged with possession of cocaine with intent to distribute and possession of a controlled substance within 1,000 feet of a housing project. Following a jury trial, he was convicted and sentenced as a first offender to serve a total of ten years probation, giving rise to this appeal.

1. (a) Reason contends that the evidence was insufficient to support the conviction of possession with intent to distribute, in that the State did not prove he had possession of the cocaine found under the bucket in the yard. We disagree.

In prosecuting Reason, the State relied on circumstantial evidence to show Reason's constructive possession of the cocaine found under the bucket, because Reason did not live at the apartment and the officers did not actually apprehend Reason at the scene or find contraband on him later.

> A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction. Similarly, evidence merely showing that contraband was found in the residence occupied by the defendant is insufficient to support a conviction if it affirmatively appears from the evidence that other persons had equal access to the contraband and therefore an equal opportunity to commit the offense. And, where, as in this case, the conviction is based on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other *reasonable* hypothesis save that of the guilt of the accused. Whether or not in a given case

---

[4] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is *primarily a question for determination by the jury.* This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging of the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, than is a court of law. It is only where the evidence or a lack of evidence, tested by all human experience, establishes a reasonable hypothesis of innocence, that this Court may declare it so as a matter of law.

(Punctuation omitted; emphasis supplied.) *Swanger v. State.*[5] See OCGA § 24-4-6.

Here, the evidence showed that Reason had recently sold cocaine to an undercover informant, and, immediately prior to the search, Reason was observed repeatedly visiting the bucket in the yard as strangers visited the address and conducted transactions on the front porch. Although other people were present and had access to the yard, the surveilling officers testified that in the period immediately prior to the search, Reason was the only person to retrieve items from the bucket where the cocaine was found, which Reason did repeatedly as police watched. Therefore, in light of this evidence, the jury was authorized to conclude that the circumstances excluded any reasonable hypothesis that Reason did not possess the cocaine found under the bucket.

(b) Reason also contends that the evidence was insufficient to show that he had intent to distribute the cocaine that was found. We disagree.

"Although mere possession of cocaine cannot serve as the basis for a conviction for intent to distribute, the intent can be established with expert testimony that the amount of cocaine found was greater than would normally be had for individual use." (Punctuation omitted.) *Myers v. State.*[6] At trial, there was expert testimony that the cocaine found was in five pieces (one the size of a "slab" that could be subdivided), had a street value of $400, and was in a form that could comprise twenty sales. Based on this evidence, the prior undercover purchase from Reason,[7] and Reason's multiple trips to the cocaine

---

[5] *Swanger v. State*, 251 Ga. App. 182, 183-184 (1) (554 SE2d 207) (2001).

[6] *Myers v. State*, 268 Ga. App. 607, 608 (1) (602 SE2d 327) (2004).

[7] Although he did not do so at trial, Reason challenges the reference to the undercover

stash, we conclude that a rational trier of fact could have found that Reason intended to distribute the seized cocaine. See *Thomas v. State*[8] (affirming conviction in part on basis of possession of four or five pieces of crack cocaine); *Jackson v. Virginia*.[9]

(c) Reason also contends that the evidence was insufficient to convict him of possession of cocaine within 1,000 feet of public housing. We disagree.

At trial, there was testimony from more than one witness establishing the status of the apartment complex as a public housing project. Cf. *Collins v. State*.[10] The State introduced photographs of the bucket and the yard area outside the apartment, and there was testimony that a fence 50 to 60 feet behind the apartment was "within 15 yards" of the location where the cocaine was found. In light of this evidence, the jury was authorized to conclude that the cocaine Reason possessed was within 1,000 feet of the apartment.

2. Reason contends that he received ineffective assistance of counsel because his trial counsel did not object to the evidence showing the chain of custody of the seized cocaine. We disagree.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State*.[11]

Reason contends that the State did not adequately prove the chain of custody of the cocaine, and his trial counsel's failure to object on that basis prejudiced him.

---

purchase at trial as based on hearsay. However, the officer who directed and observed the purchase testified as to the occurrence of the purchase. As such, the officer's testimony was not hearsay.

[8] *Thomas v. State*, 222 Ga. App. 337, 338 (474 SE2d 631) (1996).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] *Collins v. State*, 278 Ga. App. 103, 105 (1) (b) (628 SE2d 148) (2006).

[11] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

To establish the chain of custody of a fungible substance like cocaine, the State must establish the "identity and integrity" of the cocaine. The proponent must show that the cocaine tested at the crime lab . . . is the same as that seized from the accused. The proponent also must show that the drugs . . . were neither tampered with nor corrupted during their travels from crime scene to evidence room to laboratory to courtroom.

(Footnote omitted.) *Phillips v. Williams.*[12] "The only burden on the state is to show with reasonable certainty that the evidence examined is the same as that seized and that there has been no tampering or substitution." (Punctuation omitted.) *Dean v. State.*[13]

At trial, Officer Bell, who found the cocaine, testified that the evidence was sealed and turned over to Sergeant Taylor, another officer on the scene. Sergeant Taylor marked the evidence in his own handwriting, which he recognized on the exhibit at trial, and transported it back to the police department, where it was secured with red tape and locked in an evidence locker before transport to the crime lab. Thereafter, "somebody from the Sylvania Police Department" transported the evidence to the crime lab, where it was taken into possession by Patrick Long, a forensic chemist at the crime lab, and stored in a vault prior to testing. Both Taylor and Long recognized their handwriting on the exhibit at trial, and the integrity of the seals was not questioned.

Reason argues that the chain of custody evidence was insufficient because the individual who took the evidence from the police department to the crime lab was not identified. However,

[w]e have recognized that where, as here, there is no affirmative evidence of tampering or substitution, a missing link in the chain of custody does not alone require exclusion of the evidence. Thus, where the testimony shows that the police placed the substance in a tamper-proof identifiable container and that the crime lab . . . technician who tests the substance received it in the same container with no proof of tampering or substitution, the State has met its burden of showing with reasonable certainty that the substance tested was the same as that seized.

---

[12] *Phillips v. Williams*, 276 Ga. 691 (583 SE2d 4) (2003).
[13] *Dean v. State*, 211 Ga. App. 28, 30 (3) (438 SE2d 380) (1993).

(Footnote omitted.) *Franklin v. State*.[14]

Therefore, in light of the evidence from the officers on the scene and the crime lab chemist, and in light of the absence of any evidence of tampering or substitution, the State met its burden of showing the chain of custody. See *Maldonado v. State*.[15] Cf. *Phillips v. Williams*, supra, 276 Ga. at 692 (finding attorney's failure to object deficient where "there was no evidence that a police officer placed any identifying marks on the bag containing the substance; no evidence that an officer placed it in a property room or security locker at the police station; no evidence that an officer transported the bag and its substance to the crime lab; and no evidence that the particular bag and its substance were given any identifying marks at the crime lab"). Accordingly, the trial counsel's failure to object to the chain of custody did not prejudice Reason. See *Franklin v. State*, supra.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 16, 2007.

*Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney*, for appellee.

---

[14] *Franklin v. State*, 281 Ga. App. 409, 411-412 (2) (636 SE2d 114) (2006).
[15] *Maldonado v. State*, 268 Ga. App. 691, 693-695 (1) (603 SE2d 58) (2004).