A08A0695. OLIVERES v. THE STATE.
(664 SE2d 836)

MIKELL, Judge.

Efrain Oliveres was indicted by a Fayette County grand jury for two counts of trafficking in cocaine. He was convicted of one count and sentenced to forty years in confinement and fined $1,000,000. Oliveres appeals the denial of his motion for a new trial, contending that the evidence was insufficient to support the jury's verdict against him. We affirm.

---

[10] *Ellis, Funk, Goldberg, Labovitz & Dockson, P.C. v. Kleinberger*, 235 Ga. App. 360, 361 (1) (509 SE2d 660) (1998).

On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt.[1]

So viewed, the evidence shows that on July 30, 2004, Investigator Angel Santos of the Fayette County Drug Suppression Task Force received information from a confidential reliable informant (CRI) that two vehicles, a white Crown Victoria and a Honda Civic hatchback, would be delivering cocaine to a location on Pine Trail Drive. Agent Lamar Dyer followed the two vehicles from Clayton County into Fayette County until they arrived at Pine Trail Drive, where other agents had set up surveillance. When officers attempted to stop the vehicles, the driver of the Honda Civic tried to flee. The Crown Victoria, which was being driven by the CRI and contained one passenger, stopped immediately. Santos had to hit the Civic head-on with his patrol car to prevent it from fleeing. Oliveres, the only passenger in the Civic, was seated in the back seat. When Dyer searched the Civic, he found a black backpack containing four kilos (3,914.12 grams) of cocaine in the rear cargo area of the hatchback.[2] Oliveres was arrested and read his *Miranda* rights in Spanish and then transported to jail. Once at the jail, Santos, who spoke fluent Spanish, took Oliveres into an interview room to serve him with arrest warrants. While in the room, and before Santos could repeat the *Miranda* warning, Oliveres stated in Spanish, "I just needed to make a little money."

Oliveres testified at trial that he was invited to go on a car ride; that he did not know where he was going; that he knew nothing about the cocaine in the car; that he was never offered any money; and that he never told Santos that he "just needed to make some money."

In his sole enumeration of error, Oliveres challenges the sufficiency of the evidence and cites *Gillis v. State*,[3] arguing that the

---

[1] (Footnote omitted.) *Davis v. State*, 285 Ga. App. 315 (645 SE2d 753) (2007).

[2] Santos described the Civic as a two-door hatchback and testified that the cargo area was accessible from the back seat.

[3] 285 Ga. App. 199 (645 SE2d 674) (2007). In his brief, Oliveres refers to a "*Giles*" case, but provides no citation. Since the facts of *Gillis* are virtually identical to Oliveres's summary of the facts in "*Giles*," we will assume that "*Giles*" is a typographical error.

state's evidence of his spatial proximity to the cocaine was insufficient to support a finding that he was in constructive possession of the drugs.

> A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.[4]

The fact that the cocaine was found in the vehicle in which Oliveres was traveling is not the only evidence offered by the state to prove that Oliveres knew about the cocaine in the car and that he was a participant in the transaction.[5] Oliveres was the only passenger in the hatchback Civic and he chose to sit in the rear of the vehicle — not in the front passenger seat — with full access to the cargo area and the cocaine. And, Oliveres volunteered that he "just needed to make some money."[6] That Oliveres denied at trial having made this statement to Santos was a matter of witness credibility for the jury.[7] Under these circumstances, the evidence was sufficient to find Oliveres guilty beyond a reasonable doubt of trafficking in cocaine.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 3, 2008 — ■■■■■■■■

*Wesley G. Person*, for appellant.
*Scott L. Ballard, District Attorney, Jeremy M. Hayes, Assistant District Attorney*, for appellee.

---

[4] (Citation and footnote omitted.) *Reason v. State*, 283 Ga. App. 608, 609 (1) (a) (642 SE2d 236) (2007).

[5] Compare *Gillis*, supra at 199-201 (1) (conviction reversed where the only evidence connecting defendant passenger to small amount of cocaine was fact that it was found in vehicle); *Hodges v. State*, 277 Ga. App. 174, 177 (626 SE2d 133) (2006) (same); *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997) (same).

[6] See, e.g., *Morrison v. State*, 220 Ga. App. 151, 152 (1) (a) (469 SE2d 686) (1996) (officer's testimony that defendant admitted possessing drugs was sufficient to sustain conviction for possession of cocaine despite defendant's denial at trial).

[7] See *Hutchinson v. State*, 232 Ga. App. 368, 369 (501 SE2d 873) (1998).