### A08A2176. VINES v. THE STATE.
(675 SE2d 260)

ADAMS, Judge.

Following a jury trial, Roosevelt Vines was convicted of possession of marijuana with intent to distribute, trafficking in MDMA, trafficking in cocaine, and possession of a firearm during the commission of a crime. On appeal he raises the sufficiency of the evidence, the admission of certain evidence, and a jury charge.

Construed in favor of the verdict the evidence shows that on the afternoon of October 19, 2005, Corporal Howard Spitzer and Officer Brian Smith of the Spalding County Sheriff's Department were conducting traffic enforcement on Interstate 75 in Spalding County. They saw a car weaving, initiated a stop, and immediately smelled "the overwhelming odor of marijuana" coming out of the car. Carla Ann Fabian was driving; Vines was in the passenger seat; Jordan Cohen, who owned the car, was seated behind the driver; and Gabriel Gibson was seated behind Vines. Fabian and Vines appeared "incredibly, unusually nervous." Their hands were trembling; they were breathing heavily; and the officer could see "a visible heartbeat in their neck[s]."

While Spitzer questioned Fabian, Cohen got out of the car, displayed a firearms permit, and indicated that there was a gun in the car. Officer Smith also saw guns in the car, so Spitzer handcuffed Cohen, Gibson, and Vines for safety purposes. Spitzer, who was a

---

[16] See *Johnson v. State*, 293 Ga. App. 294, 295 (1) (666 SE2d 635) (2008).

canine handler, had his dog scan the car for narcotics, and the dog indicated the presence of narcotics on the right rear side of the car. The officers then searched the car.

Located in the back cargo area, which was open to the rest of the car, the officers found, among several bags, a gray backpack that contained three, gallon-size bags of marijuana weighing 2.9 pounds; a plastic bag containing 97 grams of crack cocaine; a plastic bag containing 29 grams of powder cocaine; a large plastic bag containing 272 grams of MDMA a/k/a Ecstasy[1] in the form of 980 pills; and a fully loaded .40 caliber, 30 round magazine. The street value of the drugs exceeded $38,000. The backpack also held a piece of paper with an address, which Gibson said was his girlfriend's address.

Spitzer then read each person their *Miranda* rights and asked who owned the guns. Cohen claimed the .40 caliber "Taurus," which was found under the back seat armrest and fully loaded. Two fully-loaded, Taurus magazines were in the back seat area along with another .40 caliber magazine. Gibson claimed the .40 caliber Glock, which was fully loaded and found at his feet in the back seat, as well as the fully-loaded, Hi-Point 9mm semi-automatic pistol found in the closed, front, center console — between the driver and passenger seats. Gibson, the only defendant to take the stand, also testified that he owned the two guns and that he had placed the 9mm in the front, center console. The magazine found in the backpack fit Gibson's Glock. In Vines's front pocket the officers found a fully-loaded, 9mm magazine that fit the 9mm pistol. Both Fabian and Vines were charged with possession of that gun. The officers seized $633 from Cohen but did not seize any money from the other three defendants.

The evidence also showed that before switching seats earlier on the trip, Cohen had been driving his own car with Gibson up front, and Vines and Fabian were in the back. At the time of the incident, Cohen, Gibson, Vines, and another man lived together in Hinesville. Gibson's fiancée testified that she had lived with the men in the same house but moved out because she observed many people coming in and out of the house at all hours of the night; the men appeared to be hiding things from her; and the men appeared to be engaged in drug transactions. She testified, "I could tell they weren't selling candy." But, she only identified the visitors as friends of Cohen. She also testified that Gibson owned two handguns. Gibson testified that he, Cohen and Vines had been to a shooting range on a prior occasion and that they had intended to go to the range on the trip that was terminated by the arrest. He also testified that, at the scene, Cohen claimed ownership of the drugs.

---

[1] MDMA is an abbreviation for 3, 4-Methylenedioxymethamphetamine and is commonly known as "Ecstasy." See OCGA § 16-13-25 (3) (Z).

1. Vines was charged with possession of marijuana with intent to distribute, trafficking in MDMA, and trafficking in cocaine.[2] Vines contends the evidence was insufficient to show that he was in knowing possession of the drugs.

Vines was not in actual possession of the contraband. Nor was he driving or in control of the car. Therefore no presumptions of control over the contraband attach. The issue before us is whether Vines was in joint constructive possession of the drug, and the question turns on whether he and the other defendants knowingly shared the power and intention to exercise dominion or control over them.

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.

(Citation and punctuation omitted.) *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989). See also *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000). "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." (Citation and footnote omitted.) *Reason v. State*, 283 Ga. App. 608, 609 (1) (a) (642 SE2d 236) (2007). Mere presence without proof of participation is insufficient. Id.[3]

In addition to his mere presence in the car, the facts show that Vines rode in the back seat earlier in the trip within arms reach of the backpack. The car had an "overwhelming" odor of marijuana. Vines had a magazine in his pocket that fit Gibson's 9mm gun. He and Fabian were incredibly and unusually nervous when the officers

---

[2] OCGA § 16-13-30 (j) (1) makes unlawful possession of marijuana with intent to distribute. In addition to possession, the state must prove the specific criminal intent to distribute. See *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463) (1991) (disapproved on other grounds). Any person who knowingly has possession of 28 grams or more of MDMA is guilty of trafficking the substance. OCGA § 16-13-31.1. The same is true for knowing possession of more than 28 grams of cocaine. OCGA § 16-13-31.

[3] The fact that the other defendants had equal access to the drugs does not help Vines: "[T]he equal access rule does not apply to eliminate the presumption of possession where all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband." *Turner v. State*, 276 Ga. App. 381, 383 (623 SE2d 216) (2005).

approached. The defendants were heavily armed. Vines lived with two of the other defendants. And Gibson's fiancée believed that drug sales were taking place in the home when she lived there approximately one month before the arrests.

We hold that taken together these facts provide some evidence of a connection between Vines and the contraband sufficient to show that he knowingly shared the power and intention to exercise dominion or control over it. In a case where a strong odor of contraband is shown, it has been held that even without proving that the appellant was familiar with the odor, the jury may consider the evidence for the conclusion that the appellant should have known that something unusual was in the car. *United States v. Hooks*, 780 F2d 1526, 1532 (10th Cir. 1986). The odor allows an inference that, combined with other evidence, could show a connection between the defendant and the contraband. *Womble v. State*, 290 Ga. App. 768, 770 (2) (660 SE2d 848) (2008) (that defendant was found in house where methamphetamine was being manufactured and strong odor of that process permeated house, together with associated paraphernalia found on defendant, sufficient to link methamphetamine found in toilet to defendant). See also *Hooks*, 780 F2d at 1532; cf. *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999) (odor of burning marijuana is sufficient circumstantial evidence to constitute probable cause). Compare *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006) (where no evidence was presented to show that the odor connected the defendant to the contraband and where no other evidence showed such a connection, the evidence was insufficient to show joint constructive possession by mere passenger).

In addition to the odor, Vine's suspicious, nervous behavior, his joint living arrangement with two other defendants, his possession of ammunition for another defendant's weapon, and the fact that he was, at times, within arm's reach of the backpack show an intent and power to exercise joint control over the backpack and the drugs found therein. *Allen*, 191 Ga. App. at 625 (2) (intent to exercise control over contraband can be inferred by suspicious behavior and inconsistent explanations); *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002) (same).

"To warrant a conviction on circumstantial evidence, the proved facts need exclude only reasonable hypotheses — not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Citations and punctuation omitted.) *Prather v. State*, 293 Ga. App. 312, 313 (1) (667 SE2d 113) (2008). Given the unusual odor, the joint possession of guns and ammunition, the common living arrangements of the men, the drugs all in the same backpack, and Vines's unusually strong nervousness, sole possession of the drugs by one or

more of the other defendants is not a reasonable hypothesis. Compare *Gillis v. State*, 285 Ga. App. 199-200 (1) (645 SE2d 674) (2007) (evidence insufficient where only connection between defendant passenger and cocaine was that it was found in car); *Hodges*, 277 Ga. App. at 177 (same); *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997) (evidence of cocaine under floor mat at passenger's feet insufficient to show constructive possession even though passenger was "extremely nervous"). In short, the evidence was sufficient to convict Vines of possession of the contraband found in the backpack. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence was also sufficient to support the convictions of trafficking because the State proved the required statutory quantities of contraband.

But with regard to intent to distribute the marijuana, we find the evidence insufficient. Some additional evidence of intent or expert testimony is required to establish the fact:

> Where no additional evidence of intent to distribute is offered, such as scales, drug paraphernalia, large amounts of cash, division of drugs into individual packages, or a prior conviction of possession with intent to distribute, the expert testimony is critical, and the conviction cannot be sustained without it.

(Citations omitted.) *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997). Here, there were no scales or drug paraphernalia; cash was only confiscated from Cohen; none of the witnesses testified that 2.9 pounds of marijuana packaged in three bags constituted a quantity inconsistent with personal use (especially given that four people were found to be in joint constructive possession of it); and no evidence was introduced that Vines had a prior conviction. Thus the State's evidence was insufficient to exclude the reasonable hypothesis that the marijuana was intended for personal use. See id. Compare *Albarran v. State*, 249 Ga. App. 331, 333 (2) (548 SE2d 440) (2001) (inference available where defendant in joint constructive possession of 25 pounds of marijuana). "Because the evidence was sufficient to support [Vines's] conviction for possession of marijuana, we remand with direction that a conviction and sentence be entered for that offense." *Parris*, 226 Ga. App. at 856.

Finally, Vines was found in possession of a magazine that fit the gun located within arm's reach, and therefore the jury was also authorized to find him guilty of possession of a firearm during a felony. See OCGA § 16-11-106.

2. Vines's contention that the trial court erred by admitting the drugs into evidence is without merit. Although Vines argues that the

State failed to show chain of custody, he has not pointed to a single specific flaw in the chain of custody introduced by the State. There is nothing for us to review.

3. Vines also asserts that the court erred by instructing the jury on constructive possession. But the only argument offered is that the trial court had stated at the beginning of trial that it did not intend to give any jury charges that were not requested in writing before the start of trial. However, Vines has no citation to the record for such an agreement, and the trial court denied that he made such a statement. Moreover, the court intended to include it as a part of the pattern jury charges. And the charge fit the evidence. We find no error.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 10, 2009.

*Benjamin A. Davis, Jr.*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.