## A10A0643. WRIGHT v. THE STATE.
### (690 SE2d 654)

ELLINGTON, Judge.

A Floyd County jury found Japhus Wright guilty of possession of cocaine with the intent to distribute, OCGA § 16-13-30 (b), and possession of marijuana, OCGA § 16-13-2 (b). Wright appeals from the denial of his motion for new trial, contending that the evidence adduced was insufficient to prove his convictions beyond a reasonable doubt. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

Around 9:00 p.m. on November 26, 2007, Floyd County sheriff's deputies driving near Berry College in Rome heard the sounds of gunshots, radioed other officers of that fact, and went to investigate. Bystanders pointed out two suspects who were fleeing from the scene of the shooting on foot. The deputies caught the first suspect and, while they were detaining him, told the responding City of Rome police officers where the other suspect had last been seen. A certified K-9 handler with the Rome police department immediately began

tracking the second suspect. He tracked the suspect from the place he had last been seen through several yards and located him hiding under a car. The suspect's upper torso was beneath the front driver's side of the car. The police arrested the second suspect, Japhus Wright, and searched him. They found $158 in his pocket.

Shortly after Wright was arrested, the K-9 handler had his dog inspect the area around the car for any evidence. Between the time of Wright's arrest and the time the search commenced, the police did not leave the area and no one other than the police went near the car. The police dog alerted to the presence of narcotics beneath the car. The police found a plastic bag containing five small bags of cocaine with a total weight of 3.39 grams and two small bags of marijuana with a total weight of 2.1 grams. The drugs were hidden inside the wheel well on the front passenger's side of the car, within arm's reach of where Wright was found. The plastic bags were not dirty, worn, or damp. An officer testified that, in his opinion, the drugs were packaged for resale and were in amounts too large for Wright's personal use.

Wright argues that the circumstantial evidence of his possession of the drugs was insufficient to prove his guilt beyond a reasonable doubt because the evidence presented showed only his mere spatial proximity to the drugs and did not exclude all other reasonable hypotheses save for his guilt. We disagree.

In a drug possession case based upon circumstantial evidence, the State must adduce evidence establishing a "meaningful connection" between the defendant and the drugs. *In re E. A. D.*, 271 Ga. App. 531, 532 (610 SE2d 153) (2005). "Mere presence, without proof of participation, is insufficient to support a conviction. Rather, the state must show that the defendant had the power and intent to exercise control over the [drugs]." *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000). Further, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

> [Q]uestions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Citation omitted.) *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998).

334 

The police caught Wright after pursuing him from the scene of a shooting. When they caught him, Wright had crawled partly underneath the front end of a car. A jury could infer from these facts that Wright was trying to conceal himself or evidence beneath the car. Shortly after Wright was arrested, the police located the drugs inside the wheel well of the car, in a place Wright was capable of reaching. No one but Wright had been under the car since his apprehension. The bag in which the drugs were placed did not appear dirty, weathered, or damp. Thus, the jury could infer that the drugs had been recently placed in the wheel well. Because Wright had fled from the police, had been caught within arm's reach of the drugs, and had a large amount of cash in his pockets, the jury could infer that he was a drug dealer and that he had placed the drugs in the wheel well to avoid being prosecuted for possessing them. The evidence adduced thus established a meaningful connection between Wright and the contraband, evidence which showed him exercising power and dominion over the drugs found. See *Washington v. State*, 251 Ga. App. 206, 208 (1) (553 SE2d 855) (2001) (Defendant's hands were wet from the water in which cocaine and cocaine paraphernalia was found and no one else was in control of the sink area.). While it was possible for the drugs to have been placed in the wheel well by someone else prior to Wright's having crawled under the car, whether such a hypothesis was reasonable or improbably coincidental was for the jury to determine. See id. at 209 (1) ("The jury here was authorized to conclude that when [the defendant] was caught . . . with her hands in the sink which contained crack cocaine, a razor blade, scorched spoons, and a cocaine smoking device, she was not, as suggested by counsel, simply offering to 'clean up a bit by washing the dishes.' "). We find no error.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 26, 2010 —
RECONSIDERATION DENIED FEBRUARY 12, 2010.

*Jimmonique R. S. Rodgers*, for appellant.
*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.