A11A2226. BROWN v. THE STATE.
(723 SE2d 504)

McFADDEN, Judge.

Kenneth Brown appeals from his conviction for possession of cocaine on the grounds that evidence of a pipe containing cocaine residue should have been suppressed and that the evidence was insufficient to support his conviction. Because he did not preserve for appellate review his suppression claim and because the evidence met the sufficiency standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we affirm.

Viewed in a light to uphold the verdict, see *Weldon v. State*, 279 Ga. 185 (611 SE2d 36) (2005), the evidence showed that shortly after midnight on October 10, 2007, law enforcement officers who were part of a "Safe Streets Task Force" saw Brown sitting on or leaning against a wooden fence in front of a house in Muscogee County. The officers shined a spotlight on Brown, and one of them approached to talk to him. Brown turned and began to run through the yard of the house, breaking several lawn ornaments as he went. Some of the officers yelled for Brown to stop. They chased Brown through the yard, tackled him to the ground, handcuffed him, and arrested him. When they lifted Brown up from the ground, an officer found a glass pipe, which appeared to be a crack pipe, lying on the ground nearby. The pipe was dry, although the surrounding area was wet from a recent rain. The pipe tested positive for traces of cocaine.

---

The state charged Brown with possession of cocaine, obstructing a law enforcement officer, criminal trespass, and loitering. Brown moved to suppress the evidence of the pipe containing cocaine residue, arguing that it was found during an illegal arrest. The trial court denied the motion and after a bench trial found Brown guilty of possession of cocaine but not guilty of the other charged offenses.

1. Brown challenges the court's denial of his motion to suppress. But he failed to preserve this issue for appellate review, because at trial his counsel tendered the crack pipe into evidence and moved the court to admit it. This apparently was part of a strategy to question whether the pipe containing the cocaine residue was the same as the pipe that officers showed Brown at the time of his arrest, notwithstanding his stipulation to the pipe's chain of custody. "On appeal, a party may not complain of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct." (Citation omitted.) *Blackford v. State*, 251 Ga. App. 324, 327 (3) (554 SE2d 290) (2001); see also *Carreno v. State*, 272 Ga. App. 229, 230 (1) (a) (612 SE2d 62) (2005) (defendant waives any argument that may be made on motion to suppress as to the admissibility of evidence if at trial defendant affirmatively states he or she has no objection to the admission of the evidence); *Kellogg v. State*, 233 Ga. App. 817, 818 (505 SE2d 794) (1998) (applying in bench trial rule that party cannot complain of ruling in which his own tactics or conduct procured or aided in causing).

2. Brown contends that there was insufficient evidence to show that he possessed the pipe containing cocaine.

> A person may be found to have had constructive possession of contraband if it is shown that he had both the power and the intention at a given time to exercise dominion or control over it. A finding of constructive possession must be based upon some connection between the defendant and the contraband other than mere spatial proximity.

(Citations and punctuation omitted.) *Thurmond v. State*, 304 Ga. App. 587, 591 (2) (696 SE2d 516) (2010).

The state presented evidence other than Brown's mere spatial proximity to the pipe containing cocaine to show that he had constructive possession over it. The pipe was dry, although it had been raining and the surrounding area was "soaked"; from this evidence the court as factfinder could infer that the pipe had been on the ground for a very short period of time. See *Wright v. State*, 302 Ga. App. 332, 334 (690 SE2d 654) (2010) (jury could infer that bag containing drugs, which was found in the wheel well of a car within an arm's reach of defendant hiding beneath the car, had recently

been placed there because it was not "dirty, weathered, or damp"; this evidence established a meaningful connection between the defendant and the contraband which authorized the jury to find defendant had constructive possession of drugs). In addition, the state introduced similar transaction evidence that Brown had been carrying a small crack pipe in the pocket of his jacket on the occasion of an earlier arrest. See *Taylor v. State*, 305 Ga. App. 748, 751-752 (1) (700 SE2d 841) (2010) (listing similar transaction evidence as part of circumstantial evidence, beyond spatial proximity, that authorized jury to find defendant in possession of contraband found in location where defendant had been immediately beforehand). The trial court was authorized to find that this evidence excluded every other reasonable hypothesis save that of Brown's guilt, see OCGA § 24-4-6, and thus to find Brown guilty of possession of cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. at 319 (III) (B); *Taylor*, supra; *Wright*, supra.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 2012.

*Jimmonique R. S. Rodgers*, for appellant.
*Julia Fessenden Slater, District Attorney, Wesley A. Lambertus, Assistant District Attorney*, for appellee.