**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 24, 2016**

# In the Court of Appeals of Georgia

A15A1665. JOHNSON v. THE STATE.

DILLARD, Judge.

Following a bench trial, Deron Johnson was convicted of possession of a firearm by a convicted felon,[1] possession of cocaine,[2] and possession of less than one ounce of marijuana.[3] On appeal, Johnson contends that the evidence was insufficient to support his conviction for possession of cocaine, and the court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c) when one of the three prior felony convictions used in aggravation of his sentence was for simple possession of cocaine. For the reasons set forth *infra*, we affirm Johnson's convictions but vacate his

---

[1] *See* OCGA § 16-11-131 (b).

[2] *See* OCGA § 16-13-30 (a).

[3] *See* OCGA § 16-13-30 (j) (1).

sentence and remand to the trial court for resentencing in a manner consistent with this opinion.

Viewed in the light most favorable to the trial court's judgment,[4] the record reflects that on August 6, 2013, Johnson returned to his then-girlfriend's home after a multi-day absence. Upon his arrival, the girlfriend and her aunt informed Johnson that the couple's infant daughter was ill and needed immediate medical attention. But rather than allow his girlfriend to use the car to seek care for their child, Johnson insisted that she instead drive him to Albany.

While Johnson and his girlfriend argued, both she and her aunt observed that Johnson was in possession of a handgun that he often carried and kept under his pillow while sleeping. The women also observed Johnson go into a bathroom, retrieve a plastic bag of what appeared to be marijuana from under the sink, weigh the bag on a set of scales, and then take his belongings, including a small brown or black bag, outside. Then, when the girlfriend's aunt offered to drive Johnson to Albany so that her niece could take the couple's child to the hospital, Johnson became visibly angrier and said "that's what makes me want to kill y'all bitches up in here." At that point, the aunt called 911, and Johnson went outside and sat on the back steps to the home.

---

[4] *See, e.g.*, *Stephens v. State*, 271 Ga. App. 509, 509 (610 SE2d 143) (2005).

When law enforcement arrived, the girlfriend and her aunt helped officers retrieve the firearm from the small brown or black bag inside the trunk of Johnson's vehicle, and the girlfriend then permitted the officers to search the home. A canine unit alerted to the presence of illegal contraband near the steps to the home's backdoor, where Johnson had been sitting for some time prior to the police arriving. And behind a loose panel of siding near the stairway, officers located side-by-side plastic bags containing marijuana and cocaine. Johnson was later indicted for and convicted of the offenses enumerated *supra*. This appeal follows.

1. First, Johnson contends that the evidence was insufficient to sustain his conviction for possession of cocaine.[5] Specifically, Johnson argues that the evidence as to this offense was entirely circumstantial and failed to exclude every hypothesis except for his guilt. We disagree.

To begin with, a person is in constructive possession of an object when he "knowingly has both the power and intention at a given time to exercise dominion

---

[5] Johnson does not argue that the evidence was insufficient to support his other convictions, but our review of the record shows that the evidence was, nevertheless, sufficient to support those convictions. *See Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

over the object."[6] Nevertheless, a finding of constructive possession must be "based upon some connection between the defendant and the contraband other than spatial proximity."[7] Indeed, evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is "insufficient to support a conviction."[8] Finally, when the State's constructive-possession case is based entirely on circumstantial evidence, the law requires that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[9] But it is well established that the question of whether circumstances were sufficient in a given case to exclude every reasonable hypothesis except that of the defendant's guilt is a question for the finder of fact—be that a jury or judge.[10] And it is only when the evidence is

---

[6] *Hodges v. State*, 277 Ga. App. 174, 174 (626 SE2d 133) (2006) (punctuation omitted); *accord Wofford v. State*, 262 Ga. App. 291, 292 (585 SE2d 207) (2003).

[7] *Hodges*, 277 Ga. App. at 174 (punctuation omitted); *accord Oliveres v. State*, 292 Ga. App. 460, 462 (664 SE2d 460) (2008).

[8] *Hodges*, 277 Ga. App. at 174 (punctuation omitted); *accord Oliveres*, 292 Ga. App. at 462.

[9] *Hodges*, 277 Ga. App. at 174 (punctuation omitted); *accord McKibbins v. State*, 293 Ga. 843, 847 (1) (750 SE2d 314) (2013).

[10] *See, e.g.*, *Black v. State*, 296 Ga. 658, 660 (1) (769 SE2d 898) (2015); *Mays v. State*, 306 Ga. App. 507, 511 (1) (a) (703 SE2d 21) (2010); *Brown v. State*, 267 Ga.

insupportable as a matter of law that "the judgment of conviction may be disturbed, even [when] the evidence is entirely circumstantial."[11]

Here, as further discussed *supra*, the record reflects that both Johnson's ex-girlfriend and her aunt saw him place a plastic bag containing what they believed to be marijuana onto a scale before taking the bag with him when he went out the backdoor of the home. Johnson then sat alone on the steps at the back of the home until police arrived, and plastic bags containing both marijuana and cocaine were found sitting side-by-side behind a panel beside the steps where Johnson had been sitting. In other words, the cocaine was located in a bag sitting directly next to the bag of marijuana that Johnson was seen handling shortly before exiting the home to sit on the stairway, near which *both* bags were hidden and discovered. In light of this evidence, which showed more than Johnson's mere spatial proximity to the cocaine, the finder of fact was authorized to conclude that the circumstances excluded any

---

App. 642, 645 (1) (600 SE2d 731) (2004).

[11] *Mays*, 306 Ga. App. at 511 (1) (a) (punctuation omitted); *see also Brown*, 267 Ga. App. at 645 (1) ("It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial." (punctuation omitted)).

reasonable hypothesis that Johnson did not possess both the marijuana *and* cocaine

hidden side-by-side behind the same panel.[12]

2. Next, Johnson argues that the trial court erred in sentencing him as a

recidivist under OCGA § 17-10-7 (c) when one of the three prior felony convictions

used in aggravation was for simple possession of cocaine.

The record reflects that at the end of the State's case in chief, the prosecutor

tendered into evidence a certified copy of a 1991 conviction for felony theft by taking

of a motor vehicle to establish that Johnson was in possession of a firearm as a

convicted felon. Then, during sentencing, the State tendered certified copies of a 1995

---

[12] *See Brown v. State*, 314 Ga. App. 212, 213 (2) (723 SE2d 504) (2012) ("The [S]tate presented evidence other than [the defendant's] mere spatial proximity to the pipe containing cocaine to show that he had constructive possession over it. The pipe was dry, although it had been raining and the surrounding area was 'soaked'; from this evidence the court as factfinder could infer that the pipe had been on the ground for a very short period of time."); *Reason v. State*, 283 Ga. App. 608, 610 (1) (a) (642 SE2d 236) (2007) (holding that there was sufficient circumstantial evidence that defendant possessed cocaine when, "[a]lthough other people were present and had access to the yard, the surveilling officers testified that in the period immediately prior to the search, [the defendant] was the only person to retrieve items from the bucket where the cocaine was found, which [the defendant] did repeatedly as police watched"); *see also Wright v. State*, 302 Ga. App. 332, 334 (690 SE2d 654) (2010) (affirming conviction when defendant was found laying underneath a car, drugs were found in a wheel well within defendant's reaching distance, no one had been under car between time defendant was arrested and when drugs were found, and bag of drugs did not appear dirty, weathered, or damp).

6

felony conviction for possession of a sawed-off shotgun and a 2003 felony conviction for possession of cocaine. The State had previously provided Johnson with notice of its intent to use all three prior convictions in aggravation of sentencing.

After finding Johnson guilty of possession of a firearm as a convicted felon, simple possession of cocaine, and possession of less than one ounce of marijuana, the trial court proceeded to sentence Johnson under OCGA § 17-10-7 (c), ordering him to serve five years as to the possession-of-a-firearm charge (count one); three years to serve on the possession-of-cocaine charge, concurrent with count one; and twelve months to serve on the possession-of-marijuana charge, also concurrent with count one. On appeal, Johnson argues that in doing so, the trial court erred.

OCGA § 17-10-7 (c) provides, in relevant part, that with only certain exceptions,

> any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.[13]

---

[13] OCGA § 17-10-7 (c).

On the other hand, OCGA § 17-10-7 (a) provides, in relevant part, that with only certain exceptions,

> any person who, after having been convicted of a felony offense in this state . . . , commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Both OCGA § 17-10-7 (a) and (c) are subject to an exception provided by OCGA § 17-10-7 (b.1), which specifies that "[s]ubsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a), paragraph (1) of subsection (i), or subsection (j) of Code Section 16-13-30."[14]

Johnson contends on appeal that the trial court erred in sentencing him under OCGA § 17-10-7 (c) when one of the three prior felonies admitted against him was for simple possession of cocaine in violation of OCGA § 16-13-30 (a).

---

[14] OCGA § 17-10-7 (b.1); *see also* OCGA § 16-13-30 (a) (criminalizing purchase or possession of controlled substances); OCGA § 16-13-30 (i) (1) (criminalizing as a felony the possession of a counterfeit substance); OCGA § 16-13-30 (j) (criminalizing, *inter alia*, felony possession of marijuana).

As to his conviction for possession of a firearm by a convicted felon, the trial court properly sentenced Johnson under OCGA § 17-10-7 (c) when the State presented certified copies of three prior felony convictions, making his possession-of-a-firearm conviction a fourth felony.[15] However, as to his conviction for possession of cocaine under OCGA § 16-13-30 (a), following the explicit and plain terms of OCGA § 17-10-7 (b.1), Johnson could not be sentenced as a recidivist under OCGA § 17-10-7 (c) because one of the three prior felony convictions used in aggravation was also a conviction under OCGA § 16-13-30 (a).[16] Nevertheless, nothing would

---

[15] *See* OCGA § 17-10-7 (c); *see also State v. Slaughter*, 289 Ga. 344, 344-47 (711 SE2d 651) (2011) (concluding that the holding in *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984), which applies when a defendant has a single prior felony conviction that is used to prove possession of a firearm by a convicted felon and cannot then be used to subject the defendant to sentencing under OCGA § 17-10-7 (a), does *not* apply in context of "a defendant who has three prior convictions and, in a subsequent prosecution, is convicted for firearm possession by a convicted felon," making such a defendant subject to sentencing under OCGA § 17-10-7 (c)).

[16] *See* OCGA § 17-10-7 (b.1) ("Subsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a), paragraph (1) of subsection (i), or subsection (j) of Code Section 16-13-30."); *von Thomas v. State*, 293 Ga. 569, 569 (1) n.1 (748 SE2d 446) (2013) ("OCGA § 17-10-7 has been amended several times, and subsection (c) no longer applies to a sentence imposed for simple possession of a controlled substance in violation of OCGA § 16-13-30 (a)."); *see also* OCGA § 16-13-30 (f) ("Upon a third or subsequent conviction for a violation of subsection (a) of this Code section with respect to a controlled substance in Schedule I or II or subsection (i) of this Code section, such person shall be punished by imprisonment for a term not to exceed twice

9

have precluded the trial court from using one of the other two prior felony convictions to sentence Johnson under OCGA § 17-10-7 (a) for his conviction for possession of cocaine under OCGA § 16-13-30 (a).[17] The trial court indicated on the record that it believed it was mandatory to sentence Johnson without the possibility of parole;[18] however, the court also hedged by further providing that, "[t]o the extent the [c]ourt might have any discretion to probate any portion of the sentence, the [c]ourt chooses to exercise that discretion by not probating any portion of the sentence." Nevertheless, because the court was operating under an incorrect assumption, and

---

the length of the sentence applicable to the particular crime."); OCGA § 17-10-7 (e) ("This Code section is supplemental to other provisions relating to recidivous offenders.").

[17] *Compare* OCGA § 17-10-7 (a) ("Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state . . . commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.") *with* OCGA § 17-10-7 (b.1) ("Subsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a) . . . of Code Section 16-13-30.").

[18] *See* OCGA § 17-10-7 (c) (providing that a defendant must "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served").

because the final disposition reflects only that Johnson was sentenced under OCGA § 17-10-7 (c), we must vacate the trial court's sentence and remand for the court to resentence Johnson in a manner consistent with this opinion.[19]

*Judgment affirmed, sentence vacated, and case remanded with direction.*

*Ellington, P. J., and Rickman, J., concur.*

---

[19] *See Bradshaw v. State*, 237 Ga. App. 627, 629 (2) (516 SE2d 333) (1999) (remanding for resentencing when trial court mistakenly believed it lacked discretion in original sentence); *see also Banks v. State*, 225 Ga. App. 754, 756 (4) (484 SE2d 786) (1997). *Cf. Henderson v. State*, 247 Ga. App. 31, 32 (2) (543 SE2d 95) (2000) ("When a trial court has sentenced a recidivist to the maximum penalty under the mistaken belief that it had no discretion to suspend or probate any part of the sentence, we have remanded for resentencing. Here, however, even if the trial court mistakenly believed it had no discretion at the sentencing phase, this was clearly not the case at the motion hearing, when the trial court stated that, although it had discretion in sentencing, it would not exercise it to probate or suspend any part of [appellant's] sentence." (footnote omitted)).